**O**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASAMINE ILYAVI,<br><br>          Plaintiff,<br>   v.<br>SEARS HOLDINGS CORP., and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 2:13-cv-7108-ODW(AJWx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On September 25, 2013, Defendant Sears Holdings Corp. removed this action from the Los Angeles County Superior Court. But after considering the papers filed with the Notice of Removal, the Court determines that Sears has failed to satisfy its burden of establishing federal jurisdiction. The Court therefore **REMANDS** this action back to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe § 1441 against a finding of removal jurisdiction, and "[f]ederal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

With respect to citizenship, Sears's Notice of Removal baldly asserts that "Plaintiff was and is a resident of Los Angeles County. Thus, Plaintiff was and is a citizen of the State of California." (Notice of Removal ¶ 10.) But the Complaint does not declare her citizenship. Residency allegations alone are inadequate to establish citizenship; a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship."). And while a party's residence may be prima facie evidence of that party's domicile when an action is *originally* brought in federal court, residency allegations in alone do not suffice to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see Kantor*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

Moreover, Sears cites no other objective facts to establish that Plaintiff is domiciled in California, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of

employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Even construing Sears's citizenship allegations as ones formed under information and belief, those are likewise inadequate to establish diversity jurisdiction on removal. On removal, "alleging diversity of citizenship upon information and belief is insufficient." *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kantor*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Because Sears fails to meet its high burden on removal to establish complete diversity between the parties, the Court **REMANDS** this case to Los Angeles County Superior Court, Case Number BC519246. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 1, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**